(No. 75-CV-34 ▮▮▮▮▮▮▮▮)

JULIA DZIERZAWSKI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 27, 1975.*

JULIA DZIERZAWSKI, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises. out of a criminal offense that occurred on May 23, 1974, at 3914 North Bernard, Chicago. Julia Dzierzawski seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the court, the Court finds as follows:

1. That the claimant, Julia Dzierzawski, age 49, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Aggravated Battery". *(Ill. Rev. Stat., 1973, Ch. 38, §12-4.)*

2. That on May 23, 1974, at approximately 9:00 a.m., claimant left her home to go to work. As she was unlocking her car at 3914 North Bernard, she was attacked by two men wearing ski masks. The assailants stabbed her in the side three times with a knife.

That George Koste, Star #4436, an off-duty police

officer, was standing in a doorway at 3905 North Bernard, talking with a friend when he observed the claimant being jostled by two men. When he noticed that the men were wearing ski masks, he ran to the claimant to assist her and the assailants jumped into a car and sped away at high speed. Officer Koste administered first aid to the claimant and called the police.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance by viewing suspect photos. That claimant made an identification of one of her assailants but that no arrests have been made in connection with this criminal offense.

5. That the claimant and her assailants were not related nor sharing the same household.

6. That claimant seeks compensation under the Act for medical expenses and lost wages.

7. That claimant was hospitalized at Swedish Covenant Hospital where she underwent emergency surgery for repair of a lacerated liver and adrenal gland.

That as the result of this medical treatment, the claimant incurred hospital and surgical expenses, as follows:

Hospital . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,969.15
Medical . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 996.00

 $3,965.15

8. That claimant was unable to work from May 23, 1974, until September 24, 1974, (4 months). That claimant was employed at the Lincoln Manufacturing Company in Chicago where she earned $800.00 per month before her injury. That claimant's loss of earnings during her disability was $3,200, less disability benefits of $302.86. That in considering the loss of earnings, the court may not award more than $500 per month. Based upon this maximum, the claimant has sustained $2,000 in compensable lost earnings.

9. That based upon the calculations set forth in ¶7 & 8, claimant's pecuniary loss is:

Medical . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,965.15
Loss of Earnings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,000.00

 $5,965.15

10. That the claimant received insurance benefits from the Aetna Insurance Company in the amount of $3,342.96 and is not entitled to additional compensation therefrom.

That in determining the amount of compensation to which a claimant is entitled, §7(d) of the Act states that this Court—

"(d) . . . shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00, plus the insurance benefits of $3,342.96, the amount of compensation to which the claimant is entitled is $2,422.19.

It Is Hereby Ordered that the sum of $2,422.19 be awarded the claimant, Julia Dzierzawski, the victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund to Julia Dzierzawski as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $1,422.20 be referred forthwith to the General Assembly for its approval.